IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2014 AUG 11 P 2:28
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| KASWANA A. KELLY, ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:14-cv-862-WKW-WC |
| ALABAMA DEPARTMENT OF REVENUE, ) | COMPLAINT |
| DAVID BECKLEY, EDDIE CROWLEY, ) | |
| UNKNOWN AGENTS OF THE ALABAMA ) | |
| DEPARTMENT OF REVENUE, ) | |
| Defendants. ) | |

## COMPLAINT

### I. INTRODUCTION

Plaintiff, Kaswana A. Kelly, proceeding *pro se*, brings the instant Complaint against the above-named Defendants, alleging intentional violation of the Fair Credit Reporting Act, violation of due process, denial of equal protection of law, illegal seizure of the property of Plaintiff, conspiracy against rights, invasion of privacy, fraud and intentional infliction of emotional distress, pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1332, and 15 U.S.C. § 1681. Plaintiff seeks declaratory, injunction, compensatory and punitive relief. In support of this Complaint, Plaintiff submits the following for review of the Court:

### II. JURISDICTION AND VENUE

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1343 because this Complaint constitutes a civil rights complaint;

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this Complaint presents a federal question under the Unites States Constitution and laws of the United States;

1

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because this Complaint constitutes a case or controversy between a citizen of Tennessee and citizen of Alabama, and the amount in controversy exceeds $75,000 as regards compensatory and punitive damages;

This Court has jurisdiction of this action pursuant to 15 U.S.C. § 1581p because this Complaint presents claims under the Fair Credit Reporting Act (15 U.S.C. § 1681, *et seq.*);

This Court has additional supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367;

Venue in this case is proper because Defendants are located in Montgomery County, Alabama, and a substantial portion of the events occurred in the same.

### III. PARTIES

Plaintiff, Kaswana A. Kelly (hereinafter "Plaintiff"), 216 Slayton Avenue, Madison, Tennessee 37115, is a college graduate from Tuscumbia, Alabama, having graduated from the University of Northern Alabama in Florence, Alabama. Plaintiff has been a resident of the state of Tennessee since the year 2007, having initiated the purchase of a home in August of 2013, and employed with Achor Tours in Whites Creeks, Tennessee for seven years. Plaintiff has consistently demonstrated responsible behavior in the entire course of her adulthood, maintaining an unblemished criminal record, and flawless payment history her credit report;

Defendant, Alabama Department of Revenue, 50 North Ripley Street, Montgomery, Alabama, 36132;

Defendant, David Beckley, sued in individual and official capacity, 50 North Ripley Street, Montgomery, Alabama, 36132;

Defendant, Eddie Crowley, sued in individual and official capacity, 50 North Ripley Street, Montgomery, Alabama, 36132;

Defendants, unknown agents of the Alabama Department of Revenue, sued in individual and

official capacity, 50 North Ripley Street, Montgomery, Alabama, 36132;

All Defendants, for purposes of this Complaint, were are acting under color of state law, and are citizens of the state of Alabama.

## IV. STATEMENT OF THE FACTS

1. On July 2, 2014, Plaintiff, received a letter from the Alabama Department of Revenue specifically stating that, according to their records, as if under their current retention, Plaintiff owed the state an amount of $1,1707 for state income taxes. This letter arrived at Plaintiff's mother's home in Tuscumbia, Alabama, and was the only, and is yet the only documentation Plaintiff has received in reference to this matter.

2. Initially upon the documentation, there is an assertion that the information was received by federal and/or state tax records, and from this information, the amount due was derived, the state of Alabama's Department of Revenue asserting therefrom that Plaintiff owes taxes for the years 2010 and 2011. However, this is not at all possible due to the fact that, as the tax documentation from the Internal Revenue Service would reflect, Ms. Kelly has been residing in Tennessee since the year 2007, and, every single tax return that Ms. Kelly has filed with the Internal Revenue Service since the year of 2007 bares a Tennessee address upon it. According to these facts, it is not possible for the Alabama Department of Revenue to have any tax records to review with the exception of the records of the Internal Revenue Service, since Plaintiff has resided in Tennessee for seven years at present, and no tax information would be available to them as a result, unless they sought, through illegalities, to illegally acquire tax information from the federal government for illegal purposes.

3. Having had access to these records from which an evident calculation was made, agents of the Alabama Department of Revenue could also easily ascertain that the address of the Plaintiff from the tax records, which information would definitely appear on any tax record acquired, and could observe, rather vividly, that Ms. Kelly could in no manner be a resident of the state of Alabama. Despite having access to this

information, which definitively demonstrates a non-resident of Alabama, thus, there also being no factual or legal basis for the imposition of taxes, agents within the Alabama Department of Revenue decided to pursue a purely illegal collection action against Plaintiff. These agents, though having the actual address of Plaintiff from the records acquired, sent the first and only collection letter of this matter to Plaintiff's mother's address.

4. In response, Ms. Kelly, called the Alabama Department of Revenue on July 10, 2014, as was instructed by an agent there that she would have to provide additional proof of her residency in Tennessee, blatantly ignoring the tax records already under the retention of the agency. Accordingly, on July 7, 2014, and again on July 11, 2014, Plaintiff faxed to the Alabama Department of Revenue substantive documentation to prove her residency in Tennessee, which included a vehicle registration in her name, and a complete billing history from Nashville Electric Service, clearly showing a seven year history, with various address changes that were accorded with the dates of service, and which also included Plaintiff's present address with an initial date of service, to very clearly reflect those years of residency. Further, Plaintiff also submitted a current water bill which reflected her current address, which document was clearly dated as current, from which such agents could have contacted Ms. Kelly in order to forward the necessary notices, and a lease from her former apartment, which would correspond specifically to the billing history, making residency completely undeniable.

5. Blatantly ignoring evidentiary submissions of such unequivocal attestation of residency, the agents in the state of Alabama's Department of Revenue collections office have since placed a tax lien on Plaintiff's credit reports, causing a thirty-nine point declined in her credit score which severely damaged her credit, constituting an adverse action, effectively seizing her property[1], without either due process, or affording proper notice in compliance the Fair Credit Reporting Act, or having any other compliance with the same. Prior to this tax lien, Plaintiff received absolutely no notice or documentation, with the exception of a

---

[1]   Under Alabama law, a tax lien such as this seizes the transfer of property until the taxes are paid; however, this also has the effect of not allowing Plaintiff to utilize her credit to make purchases, some of which may be of necessity.

4

single letter, concerning the attempt to collect this "debt", and, although having her phone number and address clearly on file, the collections department of the Alabama Department of Revenue never made any attempt whatsoever to contact her by telephone or letter prior to placing a tax lien on her credit report, or to even return any communications from the fax that Plaintiff provided,[2] in order to seek further documents which would prove residency.

6. In accordance with the forgoing, the conclusion reached by these agents was that the documentation submitted by Plaintiff was insufficient to determine residency, and that, in accordance: Plaintiff maintained a residence in Tennessee, for which she paid an electric bill, and worked in Tennessee, but yet still, by some miraculous means[3], resided in Tuscumbia, Alabama; that the employer, who is the sole entity legally responsible for submitting due taxes under federal and Alabama law, simply disregarded the obligation (these agents made absolutely no attempt to contact the employer in this regard, though the employer is primarily responsible for the taxes as a matter of law, and, of course, the agents could clearly observe that the tax return was form W2, and that Ms. Kelly is not self-employed); that Ms. Kelly drove from Tuscumbia, Alabama, five days per week, to Nashville, Tennessee and back again, a total of 256 miles and almost five hours of driving time, a cost of over $250.00 per week, which is roughly half of Ms. Kelly's pay, while also paying an superfluous electric bill in Tennessee for a residence she would not occupy, rather than simply taking a job in the Tuscumbia, Muscle Shoals, or Sheffield area of Alabama, all of which are extraordinarily illogical and nonsensical conclusions. From these conclusions, therefore, can be seen that there is gross malfeasance on the part of the agents in question, and, at the same time, a blatant abuse of governmental resources.

7. In addition, in the duration of their inquiry, despite the presence of state law regarding the responsibility of the submission of taxes of the employer, the Alabama Department of Revenue has not attempted to

---

[2] Coincidentally, Plaintiff also faxed the Alabama Department of Revenue from her place of employment, along with a cover sheet, which clearly has the 615 area code upon it, along with a Whites Creek, Tennessee address, from which could be seen, that, indeed, Plaintiff's employment was in the Nashville area, too far away from Tuscumbia, Alabama for work.

[3] Because the agents had access to the income of Plaintiff via the tax records aforementioned, they could also discern by observance that Plaintiff's income was insufficient to sustain the expense, including expenses not mentioned here.

contact Plaintiff's employer to verify the residency, which, of course, is the simplistic method of discovery, if the efforts of discovery were sincere. But, due to the fact that the efforts are not sincere, but is, instead, an effort to cause substantial harm, the agents involved in the matter are making valiant efforts to elude truth as much as possible that they may complete their endeavors. In addition to the initial illogicality, the Alabama Department of Revenue is also claiming an amount for only two years out of seven that Ms. Kelly has resided in Tennessee, but do not assert an amount for the remaining years. This constitutes an inexplicable aspect of this activity, which inexplicable state leaves remaining only intentional conduct which is in clear contravention to clearly established laws.

8. After these events, Plaintiff and Mr. Samuel Robinson, Plaintiff's fiance (hereinafter "Robinson"), initiated a conference call with an agent of the Alabama Department of Revenue regarding the matter, and when the agent heard the initial explanation, she requested the social security number of Plaintiff that she may look into the record. When reviewing the information, the agent asserted that the agent that reviewed the matter stated that the information provided by Plaintiff, namely, the substantive documents mention above, was insufficient to provide proof of residency.

9. Following, this agent, and others following, where directly inquired of concerning the following subjects, of which, not a single one among those whom were inquired of could answer in any effective regard: (1) How did Plaintiff come to the attention of the agency in any regard, since Plaintiff's tax return is submitted from Tennessee, which would leave no set of facts that would lead one to believe that they should request information from the Internal Revenue Service?; this went unanswered by all persons mentioned hereinafter; (2) How did agency come to the determination, from the current state of Alabama law, that it had the right to impose taxes upon Ms. Kelly without establishing residency prior to that imposition?; (3) How was the very detailed and explicit documentation provided, which documentation bore very specific information from which one could draw a defined and rather unequivocal conclusion regarding residency, insufficient to provide proof of residency?; (4) Why did the Alabama Department of Revenue take such extreme measure, such as a tax lien, without seeking to notify Plaintiff in such

haste, and in what appears to be in intentional concealment of the procedure from her person? Concerning these very questions, not a single agent was able to answer or respond with any factual or legal basis, but rather, the only answer in the entire duration of the conversations with the several agents in this regard was submitted by the female agent aforementioned, her answer being simplistically, "I don't know, I didn't make the decision." In all other instances mentioned below, there was merely an abundance of silence when these questions were presented; nevertheless, in general, not a single intelligible or comprehensible response could be elicited from the agents inquired of.

10. The female agent aforementioned then concluded the conversation by assuring both Plaintiff and Robinson that she would notify a supervisor by email, and that such a person would call the next day to discuss the matter. This particular agent, however, in the vastest portion of the duration of the conversation, was not able to answer a single question in any decipherable manner, but made her presentation with mere avoidance, and though not admitting wrongdoing on the part of the Alabama Department of Revenue, said agent also could not dispute what were very clear and concise allegations of fraud and conspiracy.

11. The next day, Robinson received a phone call from Mr. David Beckley (hereinafter "Defendant Beckley") of the Alabama Department of Revenue's Criminal Investigations Division, which in of itself is questionable since Plaintiff and Robinson specifically requested to speak with a supervisor. During the conversation, which became a conference call between Plaintiff, Robinson and Defendant Beckley, Defendant Beckley attempted to render an explanation as to why collections actions were initiating against Ms. Kelly, and his one and only reasoning for the events was that Plaintiff retains a Alabama drivers license. Nevertheless, when inquired as to how this alone gives the state of Alabama the right to impose taxes, Defendant Beckley provided an evasive answer, as an criminal investigator, stating that some persons live in state of Alabama, and work in Tennessee, similarly suggesting that Ms. Kelly would drive from Tuscumbia, Alabama to Nashville, Tennessee, almost daily, though the company that she worked for maintains a satellite office in Sheffield, Alabama, which factor, too, would be evident from

Ms. Kelly's tax records since this was her initial employment with her present employer began in that office prior to being transferred to the Whites Creek, Tennessee's (Nashville-Davidson County) main office in 2007. Plaintiff would submit that there are likely millions of persons, especially collegians, that maintain a license in their home state, while maintaining residency and employment in another state, and such a circumstances such as this are not, by any means, extraordinary or compelling, especially in regard to initiating a tax lien and proceedings pertaining thereto.[4] Defendant Beckley, just as the agent prior to him, was unable to provide an intelligible answer to the above-listed inquiries, and, Robinson asserted, very distinctly, that such actions were illegal, both from civil and criminal perspectives, to which Defendant Beckley provided no answer.

11. Robinson then inquired as to why the Alabama Department of Revenue did not notify Plaintiff prior to placing a lien as required by Alabama law, to which Defendant Beckley asserted that, indeed, a notice was sent. When Plaintiff asserted that she did not receive a notice, though she recently provided her present address, Defendant Beckley then stated, while purportedly looking at a computerized record according to his presentation, that a notice was sent to a former address that Plaintiff, a Tennessee address coincidentally, one that could have only been received by these agents when Plaintiff submitted her billing history in response to the tax lien placed against her. At this, Plaintiff made the accusation that this was done intentionally, because she had clearly sent her present contact information in accordance with the previously-mentioned fax and the documentation as well. Robinson then added that the dates on the billing history provided clearly indicates which dates utility services were initiated, and on which date they were terminated, and also demonstrating the present state of service and the present address corresponding. Plaintiff then responded to the statement by saying, "Gotcha", at which point Defendant Beckley fell completely silent, and further at this juncture, was in clear observance of criminal activities

---

[4]The sole reason why Plaintiff maintains her Alabama license is because, due to her work scheduling, which is consistent throughout the year, morning to evening hours, it is very difficult for Plaintiff to find time to acquire her Tennessee license. Nashville, unlike Tuscumbia, Alabama, is a metropolitan area, and, as such, has very long lines at its driving centers. Even so, this is purely a matter of Tennessee law in this regard, and is not the concern of Alabama Revenue agents.

8

on the part of the agents involved in the matter, as he would discern as a criminal investigator, and as further below. Although Plaintiff has since complained of not receiving this notice, the Alabama Department of Revenue

12. Robinson then continued to enunciate distinct illegalities, citing specific statutory and constitutional provisions, at which point Defendant Beckley raised his voice toward Robinson, complaining that he was not being given an opportunity to speak. However, when Robinson did stop speaking, Mr. Beckley did not speak regarding a single matter; therefore, Robinson continued in by citing various legal actions as a defensive measure that would be taken should the agency willfully persist in pursuing a tax lien procedure/collection action against Plaintiff in illegality. Defendant Beckley responded, "That would be fine," and abruptly hung up the phone with intent of disrespecting both Plaintiff and Robinson, not being willing to discuss the matter further, or to resolve a clearly illegal matter, though this is the supposed reasoning for his phone call. Even with Plaintiff verbally expressing that she has been a resident of Tennessee since 2007 in the midst of the conversation, and even citing further resources from which this could be proven irrefutably, Defendant Beckley only suggested that Plaintiff send her tax return to the agency as further proof of residency, the very same records which the Alabama Department of Renenue's only letter to Plaintiff asserts that they have already acquired, and that being the reasoning for the inquiry of the relevant agents as to tax liability. Under these factors, the Plaintiff would contend that the circumstances constitute irrefutable and pronounced acts of fraud and intentional concealment of material fact for the purpose of pursuing criminal activities in violation of civil rights on the part of state officials of the Alabama Department of Revenue.

13. Robinson then called the Criminal Division of the Alabama Department of Revenue to inquire as to who was the supervisor for that particular department, and came to discover that Mr. Eddie Crowley (hereinafter "Defendant Crowley") is the Director of Operations for the Criminal Division of the Alabama Department of Revenue. Robinson then left a return number for Defendant Crowley to call, Robinson being informed that Defendant Crowley was in a meeting, a meeting that was in very close

proximity to the conference call between Plaintiff, Robinson and Defendant Beckley. After some hours of the call not being returned, Robinson called that same division of the agency again, and specifically requested to speak with Defendant Crowley, after which the agent who answered the phone inquired as to who Robinson was, indicating that Mr. Crowley was indeed available. Robinson then gave his name, and was placed on hold. After a short pause, the agent returned and intentionally deceived Robinson, stating that Defendant Crowley was no longer in the office. Deception can be discerned in this instance due to the fact that if Defendant Crowley was not in the office at the initial inquiry regarding him, it would not have been necessary to request the name of Petitioner, and he could have been informed immediately that Defendant Crowley was away from the office, with the offer to take a message. Discerning the intentional avoidance, Petitioner then requested the voicemail of Defendant Crowley, which elicited a stunned pause from the agent, then a reluctant acquiesce to the request. In the voicemail, Robinson cited several of the inexplicable circumstances regarding the matter at issue, and informed Defendant Crowley that various legal actions would be taken, in which requests for a criminal investigations would be made, if the matter could not be resolved otherwise. The next day, Plaintiff herself called Defendant Crowley, who initially did not remember the name of Plaintiff; however, when the Robinson's name was mentioned, Defendant Crowley immediately recalled the entire instance. The general signification of the conversation, from the standpoint of Defendant Crowley, as a law enforcement official, he could not assist in any way regarding the matter, though not having any argument that would tend to controvert the multiple civil rights violations and criminal allegations, refusing to further investigate the matter, and afford Plaintiff equal protection of law, or fulfill his incumbent duty as a law enforcement official.

13. Under the description above, it may be seen, in a rather distinct and easily decipherable manner, that the federal tax records and other information of the Plaintiff was obtained with fraudulent, thus criminal intent, which information was private information, which included her personal address, social security number, income, and even a contract (lease), which is subject to privilege, with whatever other personal

information may be available from that source. Because there was no initial cause to believe, or adequate facts to form a belief that Plaintiff actually resided in the state of Alabama, the relevant agents of the Alabama Department of Revenue did not have legitimate cause to request the personal tax information of Plaintiff from the Internal Revenue Service. From this initial invasion of privacy founded upon the willful abuse of governmental resources, Plaintiff was illegally compelled to divulged further personal information, such as her billing history, vehicle registration, lease and water bill, none of which the Alabama Department of Revenue, nor any of its agents, had or has a legal or factual right to obtain or otherwise observe, and was acquired from fraud with criminal intent to harm Plaintiff. At present, although the Alabama Department of Revenue has been sent Plaintiff's home address and cell number, they have not legitimately seeking to determine residency since, as described, such agents have been forwarded indisputable proof of residency, the lease submitted being unequivocal when corresponded the the billing history, proof that said perons do not dispute as falsified, along with personal, verbal attestation. These agents immediately took actions in clear violation of law, and with deceptive intent placed placed a tax lien on Plaintiff's credit report, after being provided clear and indisputable evidence of residency, as mentioned. Moreover, it is altogether questionable as to how these persons became aware of Ms. Kelly since she does not work or reside in Alabama, and therefore, they would not have had tax records concerning her person, or any other method of discovery, another question the agents are unable to provide an answer to, though imposed in multiple instances, as above. Plaintiff submits to the Court that the efforts in this regard are related to a lawsuit that was filed in the Middle District of Tennessee by Robinson, whereas, in those details can be found an illegal eviction, done in complete illegalities, and an attempt to murder Plaintiff and/or Robinson in order to prevent the report of authentic federal crimes before the district court, an attempt to illegally arrest Robinson through deception with felony charges, and many more egregiously illegal activities very similar to that of which Plaintiff complains at present, all presented with undeniable evidence. For this reason, as there is no other explanation for the blatantly implemented proceedings described here, Plaintiff asserts that the actions of the agents in this regard are

associated with efforts of officials in Tennessee. Many of these efforts are from government offices, and Plaintiff would submit that it is from these offices that the Alabama Department of Revenue was directed to the attention of Plaintiff. That case is presently under review by the U.S. Supreme Court.

## V. RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

A. Issue preliminary injunction enjoining the Alabama Department of Revenue from further collection proceedings, or from the illegal imposition of state taxes upon a resident not under the jurisdiction of the state;

B. Enter declaratory judgment that Defendants (a) violated due process by imposing state law of Alabama upon a resident of another state without proper cause for the imposition of taxes, or without evidence of residency on the state of Alabama; took adverse action against Plaintiff's credit report, which resulted in actual harm to the Plaintiff, without affording notice, opportunity to be heard, impartial hearing by impartial fact finder, and written notice of decision; initiated a seizure of property of Plaintiff by the placement of a tax lien against Plaintiff, which resulted in actual harm to the Plaintiff, without affording notice, opportunity to be heard, impartial hearing by impartial fact finder, and written notice of decision; that the procedure for tax lien processes in the state of Alabama is unconstitutional as a matter of law, and lack the procedural due process protections required by the Fourteenth Amendment of the United States Constitution; (b) violated Plaintiff's right to equal protection of law by treating her in a manner dissimilar from other persons from the state of Alabama who maintains their licenses in the state of Alabama and reside in differing states by attempting to impose taxes solely upon the Plaintiff; refused to investigate criminal behavior reported to the criminal division, but allowed evident illegalities to continue against Plaintiff without explanation, resulting in a continuing harm to the Plaintiff, while simultaneously neglecting legal obligations of a law enforcement official; (c) the Defendants violated the Fourth Amendment of the United States Constitution when they illegal seized the property of the Plaintiff by

placing a tax lien against her, and encumbering her from utilizing her credit to make purchases as she desires; Defendants violated both the Fourth and First Amendment of the United States Constitution by invading the privacy of the Plaintiff; (d) Defendants conspired against the rights of Plaintiff in violation of 18 U.S.C. § 241; (e) Defendants intentionally utilized fraud and deception in order to illegally acquire tax and personal information through the use of the same fraud, ultimately resulting in harm to the Plaintiff, Defendant knowingly and willingly engaging in grossly illegal conduct; that Defendants utilized fraud and deception in their explanation of the matter to Plaintiff, and in order to continually imposed harm thorough illegal means; (f) that Defendants intentionally and willfully invaded the right of privacy of Plaintiff by illegally compelling her to submit personal documentation to which they had no entitlement, by threat of fraudulent use of governmental resources; (g) that Defendants intentionally and willfully inflicted emotional distress upon Plaintiff by threatening to disrupt the ability for her to pay for necessities, such as food, shelter and utilities; (h) that Defendants violated the Fair Credit Reporting Act; (i) any additional declaratory relief the Court may deem appropriate;

C. Award compensatory damages in the amount of $200,000;

D. Award punitive damages in the amount of $750,000;[5]

E. Grant any other additional relief as the Court deems appropriate.

---

[5] Because the acts of Defendants are intentional and especially egregious in this instance, Plaintiff would respectfully submits that a hefty punitive damage award would be appropriate to deter further actions of persons in this manner, as regards the aggregate of Plaintiff's federal and state claims.

Respectfully submitted,

*Kaswana Kelly*
Kaswana Kelly,
Pro se Plaintiff
216 Slayton Drive
Madison, Tennessee 37115