IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KASWANA A. KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14cv862-WKW-WC |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| REVENUE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's Motion for Preliminary Injunction (Doc. 3). On August 13, 2014, the District Judge entered an order referring this case to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Order (Doc. 4). For the reasons that follow, it is the undersigned's RECOMMENDATION that the Motion for Preliminary Injunction (Doc. 3) be DENIED.

**I.   DISCUSSION**

Plaintiff requests the court "enjoin[] Defendants from further collections actions against Plaintiff, which would include the removal of the tax lien found in her credit reports." Mot. (Doc. 3) at 1. The court finds that Plaintiff's request for a preliminary injunction is due to be denied because Plaintiff cannot show a substantial likelihood of success on the merits of her case.

"A district court may issue a preliminary injunction where the moving party demonstrates (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites." *Id*. (internal citations and quotations omitted).

Plaintiff has filed her Complaint against the Alabama Department of Revenue, David Beckley in his official and individual capacity, and Eddie Crowley in his official and individual capacity, for "intentional violation of the Fair Credit Reporting Act, violation of due process, denial of equal protection of law, illegal seizure of the property of Plaintiff, conspiracy against rights, invasion of privacy, fraud and intentional infliction of emotional distress, pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1332, and 15 U.S.C. § 1681." Comp. (Doc. 1) at 1.

The undersigned has filed, contemporaneous to this recommendation, an order granting Plaintiff's request to proceed *in forma pauperis* and staying the service of process of this case, so that the court can conduct its statutorily mandated review under 28 U.S.C. § 1915. That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a

defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).  As pled, Plaintiff's complaint fails to state a claim upon which relief can be granted and would properly be dismissed.

Plaintiff does not specify under which provision she proceeds under the Fair Credit Reporting Act ("the Act") except to reference 15 U.S.C. § 1681, which is the "Congressional findings and statement of purpose" portion of the Act.  Specificity is important as several of the "enforcement" provisions of the Act expressly prohibit a private right of action.  *See Burrell v. DFS Services, LLC*, 753 F. Supp. 2d 438, 447 (D.N.J. 2010).

As to Plaintiff's claims of "violation of due process, denial of equal protection of law, illegal seizure of the property of Plaintiff, conspiracy against rights, invasion of privacy, fraud and intentional infliction of emotional distress," which she presumably brings pursuant to 42 U.S.C. § 1983, these claims are, at present, not sufficiently pled within the Complaint to survive review under § 1915.  For example, as best the court can discern, Plaintiff's allegations of conspiracy are that Defendants have colluded against Plaintiff because of a law suit filed by her fiancé in the Middle District of Tennessee.  The court notes numerous problems with these allegations, but suffice it to say that such allegations as pled would properly be dismissed under § 1915.  In addition, after reviewing the Complaint, the court is unable to discern a properly pled illegal seizure claim, an invasion of privacy claim, or even a claim for intentional infliction of emotional distress.

The court finds that the proper course of action in this case would be to deny the request for preliminary injunction, then allow Plaintiff an opportunity to amend her complaint to avoid immediate dismissal.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion for Preliminary Injunction (Doc. 3) be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 28, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of August, 2014.

                          /s/ Wallace Capel, Jr.
                          WALLACE CAPEL, JR.
                          UNITED STATES MAGISTRATE JUDGE